FILED
NOV - 8 2012
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Derrek E. Arrington,            )
                                )
      Plaintiff,           )
                                )
v.                              )   Civil Action No. 12-1532 (UNA)
                                )
United States Department of Justice et al., )
                                )
      Defendants.          )

## MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief can be granted).

The plaintiff is a prisoner at the United States Penitentiary in Lewisburg, Pennsylvania, suing the United States Department of Justice ("DOJ"), the Public Defender Department, and Public Defender Neil Jaffee, for alleged constitutional violations. *See* Complaint for Violation of Civil Rights at 1, 4-5. The plaintiff alleges that DOJ violated his rights under the Fifth, Eighth and Fourteenth amendments to the United States Constitution "by allowing a federal statute to be imposed in violation of said law . . . ." *Id.* at 5. The plaintiff further alleges that Jaffee violated his rights under the Sixth amendment "by conspiring with the Dept. of Justice by keeping a clear violation of federal statutes in place, causing Plaintiff to suffer extreme hardships [including his] loss of liberty." *Id.* The plaintiff seeks "correction of the judgment that has been imposed in error" and monetary damages exceeding $1.5 million. *Id.*

The plaintiff does not identify in the complaint either the conviction he is challenging or the court that entered judgment. A search of this Court's dockets reveals that a jury convicted the plaintiff in September 2000 on two counts of a four-count indictment and the Court sentenced him on May 1, 2001, to consecutive prison terms of 240 months for violations of 18 U.S.C. § 111(a) and (b), and 18 U.S.C. §§ 922(g) and 924(a)(2). *See United States v. Arrington*, Crim. No. 00-0159; *U.S. v. Arrington*, 309 F.3d 40, 42 (D.C. Cir. 2002).

Since the success of the plaintiff's claim challenging the underlying authority of his conviction would necessarily void his conviction, the plaintiff cannot recover monetary damages in a civil action without first showing that he has invalidated the conviction by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Furthermore, the plaintiff must pursue any correction to his judgment of conviction in the sentencing court, which he has done unsuccessfully. *Arrington v. U.S.*, Crim. No. 00-0159, 2007 WL 1238740, at *1 (D.D.C. Apr. 26, 2007) (denying the plaintiff's "petition for post-conviction relief under 28 U.S.C. § 2255 . . . ."); *see Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a [federal] defendant is convicted); *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing). Since the

instant complaint fails to state a claim for either monetary relief or equitable relief, it will be dismissed.[1]

/s/ Reggie B. Walton
United States District Judge

Date: October 28, 2012

---

[1] A separate Order accompanies this Memorandum Opinion.